KAHN, Judge.
Appellant Wallace Rich appeals an order of the Florida Commission on Ethics (Commission). From 1977 until March 30, 1989, Mr. Rich served as Chief of the Bureau of Fairs and Expositions of the Florida Department of Agriculture. Both the Commission and the hearing officer who issued the recommended public report on which the Commission ultimately relied determined that Rich violated section 112.-313(7)(a), Florida Statutes, “by entering into a contractual relationship with Artel Shows, a business entity subject to the regulation of the Department, to inspect amusement rides at a church carnival.” In determining this violation, the Commission declined to apply the exemption set forth in section 112.313(12)(f), Florida Statutes. Since this exemption both logically and literally applies to the charge against Mr. Rich, we reverse.
The relevant facts were subject to a stipulation between the parties and were set forth as follows by the hearing officer:
103. In November, 1984, the Respondent (Mr. Rich) inspected amusement rides at a church carnival at the Church of the Nativity in Brandon, Florida. Stip., 30.
104. Church carnivals were not subject to regulation by the Bureau at that time, nor were rides at church carnivals subject to inspection. Stip., 31.
105. The church’s ride contract was with Artel Amusements and required that the ride company provide for ride inspections. Stip., 32.
106. The Respondent states that he was contacted by Richard Hibbard, the person in charge of the carnival, who asked the Respondent to conduct the inspections. The Respondent then made the necessary arrangements with Mr. Darryl Boyd, an owner of Artel Amusements. Stip., 33; Supp.Stip., 6.
107. Mr. Hibbard states that he did not contact the Respondent and left the responsibility of finding a ride inspector to Mr. Boyd. Stip., 34.
108. On November 7, 1984, the Respondent traveled from Tallahassee, Florida to Brandon, Florida, where he partially completed the ride inspections. He completed the ride inspections the next morning and returned to Tallahassee that same day. Stip., 35.
109. Pursuant to the ride contract between Artel and the church, the Respondent received reimbursement for travel, lodging, and meals in the amount of $100 from Artel Amusements for the inspection. Stip., 36.
110. Department records indicate that the Respondent was on sick leave, rather than annual leave, from his State* position at the time of the inspection. The Respondent stated that the Department records were erroneous and should have indicated annual leave rather than sick leave. The Respondent received no other reimbursement from the Department for his activities. Stip., 37.
111. There is no evidence that the Respondent used his official position to obtain the inspection arrangement for the Church’s carnival or that he used his position to persuade Artel Shows to engage him for this inspection. Mr. Hib-bard stated that the Respondent never made any representations to him about his position with the State of Florida or to the effect that his inspection was a State certified inspection. Hibbard depo., 11-13.
The Commission held that these facts constituted a violation and ordered a “restitution penalty” in the amount of $100 imposed against Mr. Rich. The Commission *506 assessed no civil penalty other than the restitution penalty for this violation.[1]
The statute alleged to have been violated by Mr. Rich prohibits any public officer or employee with an agency subject to the Florida Ethics Code from having a contractual relationship with any business or agency which is “subject to the regulation of, or is doing business with, an agency” of which the person in question is an officer or employee. The statute sets forth an exemption providing that no person shall be held in violation of subsection (7) if “[t]he total amount of the subject transaction does not exceed $500.” Section 112.-313(12)(f), Fla.Stat. (1983).
The Commission takes the position that the $500.00 exemption applies only to the amount of public funds expended by the agency in a transaction with the “business entity” referred to in subsection (7). Since the present case does not involve a transaction between the business entity and the agency in any amount, the Commission argues that the exemption does not apply. Under this interpretation a violation, such as the one alleged in this case, based upon the “.subject to the regulation of” language contained in subsection (7) could never meet the exemption, as interpreted by the Commission, unless the regulated business entity also engaged in business transactions with the regulating agency (which transactions did not exceed $500.00). We believe this is a strained interpretation of the statutory language as it existed at the time Mr. Rich accepted an expense reimbursement of $100.00 for traveling from Tallahassee to Brandon for the purpose of inspecting rides at a church carnival. The Commission does not contend that Artel did business with Mr. Rich's agency. The basis of the alleged violation was that Artel was subject to the regulation of the agency. Given this, the phrase “subject transaction” contained in section 112.313(12)(f) must apply to the single transaction constituting the “contractual relationship” that existed between Mr. Rich and Artel.
Accordingly, so much of the final order of the Commission finding Mr. Rich in violation of section 112.313(7)(a) by reason of a church carnival ride inspection and penalizing him therefor is reversed.
BARFIELD and ALLEN, JJ., concur.

. Other violations, and resultant penalties, are not subject to this appeal.